UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

Plaintiff,

v.

EXPORT-IMPORT BANK,

Defendant.

CASE NO. 2:26-CV-356-KKE-DWC

REPORT AND RECOMMENDATION

Noting Date: February 27, 2026

Plaintiff John Demos, Jr., a state prisoner, has filed an application for leave to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkts. 1; 1-1. As discussed below, the Court finds the proposed complaint should be dismissed and the IFP application should be denied.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme

REPORT AND RECOMMENDATION - 1

Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). Bar orders of this Court provide that Plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. First, Plaintiff has not included an affidavit that the claims in this case have not been presented in any other action in any court and that Plaintiff can produce evidence to support his claims. *See* Dkt. 1. While Plaintiff included an affidavit with the proposed complaint, the affidavit does not meet the requirements of the 1992 Bar Order.

Second, Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). In the proposed complaint, Plaintiff appears to bring a federal whistleblower action, claiming that "I And The U.S. Government Are Siamese Twins, If The Government Catches A Cold I Sneeze," Dkt. 1-1 at 21. Plaintiff asserts the defendants, private companies, have defrauded the government in numerous ways, at various times, and in innumerable places. Dkt. 1-1 at 18-19. Beyond conclusory allegations, Plaintiff

REPORT AND RECOMMENDATION - 2

does not specify any actions that would give rise to these claims, indicate when such actions took place, or describe how he has knowledge of such inappropriate actions. Plaintiff seeks thirty percent (30%) of whatever is awarded to the United States Attorney General. *Id.* at 57. The allegations are implausible and fail to state a claim. Further, Plaintiff does not allege he is facing an ongoing threat of imminent harm.

Finally, prior to filing this lawsuit, Plaintiff filed at least ten prior lawsuits this year and the 1992 Bar Order provides that Plaintiff may submit only three IFP applications and proposed actions each year.

Accordingly, the undersigned recommends Plaintiff's proposed complaint (Dkt. 1-1) be dismissed, the IFP application be denied (Dkt. 1), and this case be closed.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 27, 2026.**

Dated this 6th day of February, 2026.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3